Dagenett v. Jenks.

---

SARAH J. DAGENETT AND NOEL DAGENETT V. HORACE JENKS, THE BANK OF LOUISBURG, AND KATE DAGENETT.

**No. 289.**

INDIAN LANDS — *Effect of Approval of Deed.* When land held by a member of the Kaskaskia, Peoria, Piankeshaw and Wea tribes of Indians under a patent restricting his right to convey the same unless the conveyance is approved by the secretary of the interior, is by the patentee, with such approval, conveyed to another member of said tribes, such approved conveyance divests the title of the United States therein and places the title outside of the restrictions imposed upon the sale of Indian lands.

Error from Miami district court; JOHN T. BURRIS, judge. Opinion filed August 18, 1898. Affirmed.

*John W. Deford, W. A. Deford,* and *John S. Beeson,* for plaintiffs in error.

*Sheldon & Sheldon,* for Horace Jenks, defendant in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in the district court of Miami county by the defendant in error Jenks, to foreclose a mortgage made and executed to him by Sarah J. Dagenett upon a certain piece of land in that county. The land was afterward deeded by Sarah J. Dagenett to her daughter,

Kate Dagenett, who assumed and agreed to pay the mortgage. The plaintiff in error Noel Dagenett obtained leave and filed an answer as one of the defendants. The answers of Sarah J. Dagenett and Noel Dagenett alleged, in substance, that they were married about 1855; that she is a white woman and he a natural member by blood, birth and hereditary descent of the united tribes of Kaskaskia, Peoria, Piankeshaw and Wea Indians; that the land in controversy was a portion of the Indian reservation; that by the treaty of May 30, 1854, said land was allotted to him as a member of said tribes; and that in 1859 said land was patented to Te-com-see or Edward Dagenett—misspelled "Dajexat" in the treaty and in the patent.

The patent stipulated that the tracts of land conveyed therein should never be sold or conveyed by the grantee or his heirs without the consent of the secretary of the interior for the time being. The patentee, as Edward R. Dagenett, conveyed the land to Noel Dagenett, which conveyance was duly approved by the secretary of the interior on the 23d day of February, 1863. In 1894 Sarah J. Dagenett, in an action then pending in the district court of Miami county, Kansas, obtained a decree of divorce from Noel Dagenett, and was by the court awarded, among other property, the land in controversy, "to have and to hold for her separate use and control as and for alimony." The plaintiff below filed demurrers to the separate answers of the Dagenetts upon the ground that they failed to state a defense to the cause of action alleged against them.

The court sustained the demurrers, and the plaintiffs in error, electing to stand upon their answers, bring the case here for review.

Campbell v. Drug Co.

The plaintiffs in error contend that as the land was "Indian land" when the decree of divorce and the mortgage were made, both the decree and the mortgage were void, so far as the land was concerned, and that the consent of the secretary of the interior was necessary to the decree and mortgage.

Our view is, that under the patent to Edward Dagenett. the land was vested in him, subject to the restrictions contained therein ; and that the conveyance from Edward R. Dagenett to Noel Dagenett, having been approved by the secretary of the interior, divested the title of the United States therein, and placed the title outside of the restrictions upon the sale of Indian lands.   See *Ingraham v. Ward*, 56 Kan. 550.

The judgment of the district court is affirmed.